IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Sichuan Maichuhai International Trading Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> LEI WANG, <br><br> Defendants. | Civil Action No.: 25 -cv-6070 <br><br><br> **JURY TRIAL DEMAND** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Sichuan Maichuhai International Trading Co., Ltd. ("Plaintiff") brings this complaint against LEI WANG ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*. and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Plaintiff seeks this relief in response to Defendant's recent accusation of patent infringement as to the U.S. Patent No. 122,20,617 (the "617 Patent"). A true and correct copy of the 617 Patent is attached as Exhibit A.

3. On May 14, 2025, Amazon sent a notice to Plaintiff regarding a complaint submitted by Defendant under Amazon's intellectual property enforcement program. The complaint alleges that Plaintiff's Football ("Non-Infringing Product") infringes the '617 Patent. A true and correct copy of the May 14, 2025, Amazon notice is attached as Exhibit B.

1

4.      Pursuant to Amazon's intellectual property enforcement procedures, product listings may be removed if an infringement complaint is submitted and remains unresolved. The parties have engaged in efforts to address the matter but have been unable to reach a resolution. Plaintiff is opting not to proceed through Amazon's APEX program, which does not consider defenses such as patent invalidity and is limited in scope to infringement issues.

5.      An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer for sale, sale, and/or import of its Non-Infringing Product has not infringed, or otherwise violated the patent or other intellectual property rights, of Defendant under U.S. or applicable state law.

6.      An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Defendant's patent is invalid.

7.      Defendant's intended assertion of claims of patent infringement based on Plaintiff products has threatened Plaintiff's business, and has created a present, genuine, and justiciable controversy between Plaintiff and Defendant. For these reasons, and as alleged more particularly herein, Plaintiff brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that Plaintiff does not infringe the Defendant's patent.

## THE PARTIES

8.      Plaintiff, Sichuan Maichuhai International Trading Co., Ltd.  is a private Chinese company.

9.      Upon information and belief, Defendant is a Chinese individual and the purported owner of the '617 Patent.

10.     Upon information and belief and based on contentions by Defendant in its complaint filed with Amazon, Defendant claims to own the '617 Patent.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2), as this is a civil action between citizens or subjects of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a company organized under the laws of China with its principal place of business in China. Upon information and belief, Defendant is a citizen and resident of China. Neither party is a citizen of any U.S. state.

12. Plaintiff is a Chinese company with a principal place of business in China, and Defendant, upon information and belief, is a Chinese individual. The substantial financial harm caused to Plaintiff by Defendant's wrongful conduct in Illinois establish proper jurisdiction in this Court.

13. The Court also has subject matter jurisdiction over this pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

14. The Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367(a).

15. This Court has personal jurisdiction over the parties, and venue in this judicial district is proper under 28 U.S.C. §§ 1391 and/or 1400.

16. This Court has personal jurisdiction over Defendant since, on information and belief, Defendant directly targets business activities toward customers in the United States, including Illinois, through at least the fully interactive e-commerce storefronts on Amazon.com. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offering to ship to the United States, including Illinois, accepting payment in U.S. dollar and, on information and belief, has sold products to residents in Illinois. In addition, Defendant has directed its patent

assertion campaign at Plaintiff by, *inter alia*, seeking to enjoin Plaintiff's business by reporting Plaintiff as an alleged infringer of the '617 Patent through a private, third-party tribunal (discussed below), impacting Plaintiff's business in the United States, including Illinois. This process carries significant legal and business consequences to Plaintiff based on Defendant's allegations that Plaintiff has infringed the '617 Patent by making, using, selling, offering to sell, and/or importing allegedly infringing goods in, from, and into the state of Illinois.

17. On or about May 14, 2025, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action ("Amazon Complaint") against Plaintiff to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business.

18. Unless a declaratory judgment complaint is filed and a court order granting relief sought herein, the Amazon marketplace intends to remove Plaintiff's Non-Infringing Products consisting of at least the ASIN: B0F21J99GS under the pretext that the ASIN may infringe the '617 Patent.

19. By initiating the Amazon Complaint against Plaintiff, a company with whom Defendant was very familiar, Defendant availed itself of the laws of the state of Illinois and knew that its actions would harm Plaintiff in this district. Defendant's Amazon Complaint constitutes unfair competition directed at Plaintiff and prejudices Plaintiff's ability to conduct business in Illinois. Defendant's acts seek to disrupt the stream of commerce originating in Illinois vis-a-vis Plaintiff's goods.

20. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and/or 1400, *inter alia*, because a substantial part of the events giving rise to this action occurred in this district. Plaintiff has made at least one documented sale of the Non-Infringing Product to a customer located

in Illinois. A true and correct copy of the transaction record reflecting this sale is attached as Exhibit C.

21. Defendant's Amazon Complaint directly caused the removal of Plaintiff's product listings, thereby impairing Plaintiff's ability to continue lawful commerce in this district. The resulting harm—including lost sales, disrupted business operations, and diminished market access—was suffered in Illinois. Defendant's actions constitute an improper restraint of trade with anti-competitive effects in this forum.

## FACTUAL BACKGROUND

22. On February 25 2025, the United States Patent and Trademark Office issued the '617 Patent.

23. Defendant purports to own the right, title, and interest in the '617 Patent by assignment, including the right to license, sell, and enforce the '617Patent.

24. On or about May 14, 2025, Defendant submitted a report to Amazon.com under its intellectual property enforcement program, initiating a patent enforcement action concerning Plaintiff's product listings. As a result, Plaintiff's ability to conduct business on the Amazon marketplace has been adversely affected.

25. In response to Defendant's Amazon Complaint, On the same date, Amazon marketplace notified Plaintiff that its Non-Infringing Products would be removed under the pretext that the ASIN-in-question may infringe the '617 Patent if Plaintiff is unable to resolve the claim directly with Defendant, if Defendant chooses not to participate in Amazon's APEX program, or if Defendant does not challenge the infringement claim in court.

26. Defendant's course of conduct is not warranted under law, has anticompetitive effects on the market, and restrains Plaintiff's ability to compete fairly.

27. Plaintiff has at all times acted in good faith with respect to the '617 Patent. Based on analysis of the patent claims and public materials, Plaintiff contends that its Non-Infringing Products do not infringe any claim of the '617 Patent under any recognized theory of liability.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT (U.S. PATENT NO. 122,20,617)

28. Plaintiff restates and incorporates by reference each of the allegations contained in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Defendant has contended that Plaintiff's Non-Infringing Products infringe at least one claim of the '617 Patent.

30. Plaintiff avers that a declaratory judgment and a court order granting relief sought herein, that Plaintiff's Non-Infringing Products consisting of at least ASIN: B0F21J99GS do not infringe the '617 Patent.

31. Plaintiff avers that it does not infringe any valid and enforceable claim of the '617 Patent, whether directly or indirectly, literally or under the doctrine of equivalents, through the manufacture, use, offer for sale, sale, and/or importation of the Non-Infringing Products.

32. Plaintiff avers that it has not engaged in any activity that constitutes infringement of any valid and enforceable claim of the '617 Patent.

33. For example, Plaintiff does not perform all of the steps required by the claims of the '617 Patent, and on information and belief, no single entity does.

34. Plaintiff avers that a real and substantial controversy exists regarding the scope and enforceability of the '617 Patent, and Plaintiff is entitled to a judicial declaration that it has not infringed any valid and enforceable claim thereof.

35. Plaintiff avers that Defendant's allegations of infringement are objectively baseless and have caused material harm to Plaintiff's commercial interests. This case is exceptional and warrants an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '617 PATENT

36. Plaintiff restates and incorporates by reference each of the allegations contained in paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Defendant has contended that at least one claim of the '617 Patent is valid, enforceable, and infringed by making, using, offering to sell, selling, and/or importing Plaintiff's Accused Products.

38. Plaintiff avers that the claims of the '617 Patent are invalid under one or more provisions of the Patent Act, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and the doctrine of non-statutory double patenting.

39. Plaintiff avers that the claims of the '617 Patent are anticipated and/or rendered obvious by the prior art, including art that was of public record or otherwise accessible to a person of ordinary skill in the art at the time of the alleged invention but was not adequately considered during prosecution.

40. A concrete and justiciable controversy exists as to the validity of the '617 Patent, and Plaintiff is entitled to a declaratory judgment that one or more of its claims are invalid and unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Declaratory judgment that the '617 Patent is not infringed by Plaintiff.

2. Declaratory judgment that all of claims of the '617 Patent are invalid.

3. An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("enjoined parties") as follows:

    A. Restraining and enjoining, preliminarily and permanently, any assertion of the Patent-in-Suit against Plaintiff; and

    B. Requiring that Defendant provide written notice of the injunction to all enjoined parties.

4. Judgment that this case is exceptional under 35 U.S.C. § 285 due to the Defendant's anticompetitive actions aimed at eliminating a competitor's product by falsely claiming that the Accused Products infringe, despite them not actually infringing.

5. Judgment awarding Plaintiff its attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

6. That Defendant be ordered to pay Plaintiff pre-judgment interest on all sums awarded.

7. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Dated: May 30, 2025  Respectfully submitted,

/s/ Alexander Warden
Alexander Warden, Esq.
Alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 West 40th Street, 4th and 5th Floor
New York, NY 10018
*Attorney for Plaintiff,*
*Sichuan Maichuhai International Trading Co., Ltd.,*
.

9